**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| FIRESTONE FINANCIAL, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| v. | ) |
| | ) |
| RIGHT CHOICE VENDING/COFFEE, LLC, | ) |
| | ) |
| Defendant. | ) |

### VERIFIED COMPLAINT FOR REPLEVIN AND MONEY DAMAGES

NOW COMES Plaintiff Firestone Financial, LLC ("Firestone") by and through counsel, and for its Verified Complaint for Replevin and Money Damages against Defendant Right Choice Vending/Coffee, LLC ("Right Choice"), states as follows:

### PARTIES

1. Firestone is a Massachusetts limited liability company registered under the laws of the Commonwealth of Massachusetts. Firestone's sole member is Berkshire Bank, a Massachusetts-chartered banking corporation. Berkshire Bank's principal place of business is located at 24 North St., Pittsfield, Massachusetts 02101.

2. Right Choice is a Florida limited liability company with its principal place of business located at 1440 SW 31st Ave., Pompano Beach, Florida 33069. Right Choice's members are non-parties Nick Depasquale, Wayne Pertuz, Eliahu Tornheim and Michael D. Cascione. Upon information and belief, Nick Depasquale is domiciled in the State of New York. Upon information and belief, Wayne Pertuz is domiciled in the State of New York. Upon information and belief, Eliahu Tornheim is domiciled in the State of Florida. Upon information and belief, Michael D. Cascione is domiciled in the State of Florida.

1

**JURISDICTION AND VENUE**

3. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(a)(1). The parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and because the Defendant is subject to personal jurisdiction in this district. Venue is also proper because the property sought to be recovered pursuant to this Verified Complaint is located in this district.

**FACTS COMMON TO ALL COUNTS**

a. **Right Choice's Business Operations**

5. Right Choice is in the vending machine business selling food and beverages. The Right Choice's vending machines are organized along "routes" that are serviced by Right Choice's route service drivers. Right Choice is responsible for filling the vending machines and collecting proceeds from the machines.

6. Right Choice operates in several states, including the State of Florida. Right Choice's "routes" can each include hundreds of vending machines maintained at business and residential properties stretching across numerous counties.

7. Right Choice obtained financing from Firestone to acquiring vending machines and routes located in several counties in the State of Florida.

b. **Master Agreement between Firestone and Right Choice.**

8. On April 8, 2020, Firestone, as lender, and Right Choice, as borrower, entered into a Master Security Agreement (the "Master Agreement"), wherein, as consideration for Firestone's

agreement to extend financing to Right Choice from time to time for the aggregate amounts stated on each and every promissory note, Right Choice granted Firestone a first priority security interest in:

> [A]ll equipment of the Borrower, whether now or hereafter existing, which is now or hereafter owned by Borrower, in which Borrower now has or hereafter acquires rights, and however Borrower's interests therein may arise or appear (whether by ownership, security interest, claim or otherwise), **including, but not limited to (A) the items listed on Schedule "A" which is attached hereto and made part hereof, and (B) such items which shall be listed on the Addendums to Schedule "A"** and which shall be attached to any Promissory Note or other amendment to this Agreement and made a part hereof; (ii) as it relates to such equipment, all fixtures, inventory, goods, accounts, chattel paper, general intangibles, documents, instruments, contracts, securities (in each case as such terms are defined in the Code) arising therefrom…all proceeds of any and all of the foregoing collateral…

(the "First Collateral").  See Master Agreement (emphasis added), attached hereto as Exhibit 1.

    c.        **Loan No. xx3856.**

9.        Also on April 8, 2020, Right Choice executed a Promissory Note ("Note No. xx3856" and collectively with the Master Agreement, "Loan No. xx3856") in favor of Firestone for the principal amount of $314,094.30 for value received and in accordance with the contemporaneously executed Master Agreement.  See Note No. xx73856 attached hereto as Exhibit 2.

10.       Pursuant to Note No. xx3856, Right Choice agreed to make payment as follows: three (3) consecutive monthly payments of $0.00, followed by thirty-two (32) consecutive monthly payments of $10,419.67, all as set forth in Note No. xx3856.  See Exhibit 2.

11.       Firestone perfected its first priority security interest in the First Collateral by filing its UCC-1 financing statement in the State of Florida on March 17, 2020.  Firestone further filed a UCC-1 financing statement on September 10, 2020. See UCC-1 financing statements attached hereto as Composite Exhibit 3.

12. Right Choice defaulted under Loan No. xx3856 by failing to make all necessary payments when due.

13. As a result of the default under the Loan No. xx3856, Firestone is entitled to payment of the accelerated balance remaining of $103,754.79.

14. Firestone is also entitled to payment of late charges in the amount of $4,688.82 pursuant to Loan No. xx3856. See Note No. xx3856, p. 1.

15. Firestone is further entitled to NSF fees in the amount of $175.00. See Note No. xx3856, p. 1.

16. For the monies due under the Loan No. xx3856, Firestone is entitled to interest of $174.37 as of October 24, 2022. See Note No. xx3856, p. 1.

    **d.**    **Loan No. xx9993.**

17. On September 22, 2021, Firestone, as lender, and Right Choice, as borrower, entered into an Amendment to Master Security Agreement (the "Master Agreement Amendment"), wherein, as consideration for Firestone providing financing to Right Choice, Right Choice granted Firestone a first priority security interest in the additional collateral acquired as identified on Schedule A to the Master Agreement Amendment (the "Second Collateral"). A true and correct copy of the Master Agreement Amendment is attached hereto as Exhibit 4.

18. On September 22, 2021, Right Choice executed Promissory Note No. xx9993 ("Note No. xx9993" collectively with the Master Agreement and Master Agreement Amendment, are "Loan No. xx9993") in favor of Firestone for the principal amount of $301,050.00 in accordance with the Master Agreement and contemporaneously executed Master Agreement Amendment. See Note No. xx9993 attached hereto as Exhibit 5.

19. Pursuant to Note No. xx9993, Right Choice agreed to make thirty-five (35) consecutive monthly payments of $9,192.66, all as set forth in Note No. xx9993. See Exhibit 5.

20. Firestone perfected its first priority security interest in the Second Collateral by filing its UCC-1 financing statement in the State of Florida on September 15, 2021. See UCC-1 financing statement attached hereto as Exhibit 6.

21. Right Choice defaulted under Loan No. xx9993 by failing to make all necessary payments when due.

22. As a result of the default under the Loan No. xx9993, Firestone is entitled to payment of the accelerated balance remaining of $231,046.80.

23. Firestone is also entitled to payment of late charges in the amount of $1,838.52 pursuant to Loan No. xx9993. See Note No. xx9993, p. 1.

24. Firestone is further entitled to NSF fees in the amount of $175.00. See Note No. xx9993, p. 1.

25. For the monies due under the Loan No. xx9993, Firestone is entitled to interest of $5,054.14 as of October 24, 2022. See Note No. xx9993, p. 1.

26. As a result of the default under the Master Agreement, Loan No. 3856 and Loan No. xx9993 (collectively the "Loans"), Firestone is further entitled to attorneys' fees and costs incurred enforcing its rights under the Loans. See Note No. xx3856 and Note No. xx9993, Attorneys' Fees Paragraph.

27. The Loans provide that, upon the occurrence of an event of default, Firestone may take possession of and remove the First Collateral and Second Collateral (collectively the "Collateral"). See Master Agreement, Remedies Paragraph.

28. The Collateral consists of hundreds of vending machines located in several counties in the State of Florida.

29. Firestone estimates the value of the Collateral at $420,000.00, depending on condition.

## COUNT I
## BREACH OF CONTRACT

30. Firestone repeats and realleges paragraphs 1 through 29 as though fully set forth herein as paragraph 30 of Count I of its Complaint.

31. Firestone has performed all of its obligations under the Loans.

32. Right Choice defaulted under Loans by failing to make all necessary payments when due.

33. As a result of the default, Firestone is entitled to payment of the accelerated balance remaining of $334,801.59 pursuant to the Loans.

34. Firestone is also entitled to payment of late charges of $6,527.34 pursuant to the Loans.

35. Firestone is further entitled to interest in the amount of $5,228.51.

36. Firestone is entitled to NSF fees of $350.00.

37. Firestone is also entitled to attorneys' fees and costs incurred enforcing its rights under the Loans.  See Note No. xx3856 and Note No. xx9993, Attorneys' Fees Paragraph.

38. Right Choice has failed and refused to make payment despite demand.

WHEREFORE, FIRESTONE FINANCIAL, LLC respectfully requests that this Court enter Judgment in its favor and against RIGHT CHOICE VENDING/COFFEE, LLC in the amount of $334,801.59 plus late charges of $6,527.34, pre-judgment interest of $5,228.51, NSF fees of

$350.00, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT II
## REPLEVIN

39. Firestone repeats and realleges paragraphs 1 through 29 as though fully set forth herein as paragraph 39 of Count II of its Complaint.

40. This Count is brought pursuant to Fla. Stat § 78.01, et seq., made applicable to this proceeding pursuant to Federal Rule of Civil Procedure 64.

41. The Collateral consists of hundreds of pieces of vending machines specifically identified in the Loans.

42. Firestone owns and holds the Loans which are in default, and all amounts due thereunder are presently due and owing to Firestone.

43. Pursuant to Loans, upon default, Right Choice is to surrender the Collateral to Firestone.

44. The Collateral is in the possession or control of Right Choice.

45. Right Choice is wrongfully detaining the Collateral.

46. The Collateral is located at numerous commercial and residential properties located in several counties in the State of Florida.

47. The estimated value of the Collateral is $420,000.00.

48. Upon information and belief, the Collateral has not been taken for a tax, assessment, or fine pursuant to law, nor taken under an execution or attachment against the property of Right Choice.

WHEREFORE, FIRESTONE FINANCIAL, LLC requests that this Court direct that a Writ of Replevin be issued against RIGHT CHOICE VENDING/COFFEE, LLC, commanding the

Marshal, or other designated officer, to use all necessary force to replevy and recover the Collateral from RIGHT CHOICE VENDING, LLC and deliver it to Firestone, and for such other further relief as this Court deems just and proper.

## COUNT III
## TURNOVER OF COLLATERAL UNDER FLORIDA STATUTES §679.609

49. Firestone repeats and realleges paragraphs 1 through 29 as though fully set forth herein as paragraph 49 of Count III of its Complaint.

50. This Count is brought pursuant to Fla. Stat. §679.609 on the basis that the Collateral is located in Florida.

51. Fla. Stat §679.609 provides that after default, a secured party may take possession of the collateral and proceed pursuant to judicial process.

52. Fla. Stat. §679.609(3) provides: "If so agreed, and in any event after default, a secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties."

53. Due to Right Choice's default under the Loans, Firestone is entitled to the return and exclusive possession of the Collateral. See Exhibit 1, ¶ 5.4.

54. Due to Right Choice's default under the Loans, Firestone may require Right Choice to assemble the Collateral and make it available to Firestone at any place reasonably designated by Firestone. Fla. Stat. §679.609; see also Exhibit 1, ¶ 5.4.

WHEREFORE, Plaintiff FIRESTONE FINANCIAL, LLC respectfully requests that this Court order the Defendant RIGHT CHOICE VENDING/COFFEE, INC. to assemble the Collateral and make it available to FIRESTONE FINANCIAL, LLC within fourteen (14) calendar days at a

place to be designated by FIRESTONE FINANCIAL, LLC, as well as all other and further relief which this Court deems just.

## COUNT IV
## TURNOVER OF COLLATERAL UNDER MASSACHUSETTS GENERAL LAWS 106 § 9-609

55. Firestone repeats and realleges paragraphs 1 through 29 as though fully set forth herein as paragraph 55 of Count IV of its Complaint.

56. This Count is brought pursuant to Massachusetts General Laws ("M.G.L.") 106 § 9-609.  This claim is brought in the alternative to Count III, in the event that the Court finds that Massachusetts law applies to Firestone's possessory action against Right Choice for the Collateral under the choice of law provisions in the Loans.

57. M.G.L. 106 § 9-609 provides that after default, a secured party may take possession of the collateral and proceed pursuant to judicial process.

58. M.G.L. 106 § 9-609(c) provides: "If so agreed, and in any event after default, a secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties." M.G.L. 106 § 9-609 (West 2022).

59. Due to Right Choice's default under the Loans, Firestone is entitled to the return and exclusive possession of the Collateral.  See Exhibit 1, ¶ 5.4.

60. Due to Right Choice's default under the Loans, Firestone may require Right Choice to assemble the Collateral and make it available to Firestone at any place reasonably designated by Firestone.  M.G.L. 106 § 9-609; see also Exhibit 1, ¶ 5.4.

WHEREFORE, Plaintiff FIRESTONE FINANCIAL, LLC respectfully requests that this Court order the Defendant RIGHT CHOICE VENDING/COFFEE, INC. to assemble the Collateral

9

and make it available to FIRESTONE FINANCIAL, LLC within fourteen (14) calendar days at a place to be designated by FIRESTONE FINANCIAL, LLC, as well as all other and further relief which this Court deems just.

Dated this 11th day of November, 2022.

        Blaxberg, Grayson, Kukoff & Forteza, P.A.
*Attorney for Plaintiff*
25 Southeast 2nd Avenue, Suite: 730
Miami, Florida  33131
Telephone: (305) 381-7979 Ext. 319
Fax: (305) 371-6816

By: */s/ Matthew G. Krause*
    Matthew G. Krause
    Florida Bar No.: 844225
    matthew.krause@blaxgray.com

VERIFICATION

Under penalty of perjury and pursuant to 28 U.S.C. § 1746, the undersigned declarant certifies that the statements set forth in the Verified Complaint for Money Damages and Replevin are true and correct, the attached exhibits are true and accurate copies, the amounts of damages are true and correct, and except as to the matters stated to be on information and belief, the undersigned certifies as aforesaid that he verily believes the same to be true.

Executed this 1st day of November 2022.

*/s/ Steven Principi*
Steven Principi
SVP, Portfolio Risk
Firestone Financial, LLC
100 Westminster Street
Providence, RI 02903